UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM T. ANTEPENKO, JR.,

                Plaintiff,

v.                                    Case No. 17-cv-1356-pp

WISCONSIN STATE DEPARTMENT
OF CHILDREN AND FAMILIES BUREAU
OF CHILD SUPPORT, BROWN COUNTY
CHILD SUPPORT AGENCY,
LISA VAN PAY, and JOHN AND JANE DOES,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1) AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELMINARY INJUNCTION (DKT. NO. 12)**

---

The plaintiff is a state prisoner, and is representing himself. On October 3, 2017, he filed a complaint, alleging that the defendants violated his civil rights by having his wages garnished and placing liens on his property when he did not owe an child support arrearages. Dkt. No. 1. In addition to filing a complaint, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. He also has filed a motion for injunctive relief. Dkt. No. 12. This decision screens the complaint and resolve the plaintiff's motions.

I.     **Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The

PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On October 5, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $7.52 by October 27, 2017. Dkt. No. 5. The court received that payment on October 12, 2017. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

## II.    Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed with a claim that his civil rights were violated under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  The Plaintiff's Allegations

The plaintiff alleges that in 2005, he and Julie Ann Gellin, the mother of his child, met with defendant Lisa Van Pay, their caseworker at the Brown County Child Support Agency. Dkt. No. 1 at 4. According to the plaintiff, Gellin terminated the child support order against him, and expunged all of the arrears and interest he owed her. Id. The plaintiff states that Van Pay informed him that Gellin had no authority "to sign off [on] the interest owed to the State of Wisconsin and that the[re] was no State Law requiring the plaintiff to pay the interest owed." Id. The plaintiff states that, at Van Pay's request, he agreed to pay $10 per month toward the interest owed to the state. Id.

The plaintiff says that Van Pay neglected to inform him that the amount he agreed to pay was not sufficient to cover the interest rate on what he owed the State, effectively keeping the plaintiff in debt to the State Child Support Agency "forever." Id.

3

The plaintiff states that, as time went on, he began to receive letters and notices from the Child Support Agency stating that he owed child support, arrears, interest and receipt-and-disbursement (R&D) fees. Id. He asserts that the Child Support Agency put a title lien on his motorcycle, made a negative report to the credit bureau, and activated an administrative lien in the amount of $1,521.57. Id.

The plaintiff explains that he wrote to Van Pay in an effort to understand what was going on. Id. The plaintiff said the response he received stated that "the plaintiff [is] not eligible for a review at this time." Id. The plaintiff states that he continued to tell Van Pay that he did not owe money, but that Van Pay refused to listen. Id. The plaintiff explains that he wrote letters to the Family Court Commissioner, but was informed only that he had to file the necessary paperwork. Id. at 5.

The plaintiff explains that he finally contacted Gellin to inform her of what had been going on, and that "she could not believe it." Id. According to the plaintiff, Gellin again agreed to terminate the Child Support Order and expunge all arrears and interest owed to her. Id.

The plaintiff alleges that, for twelve years, he has been paying $10 per month on arrears, interest and R&D fees that had been terminated in August 2005. Id. He also alleges that the Brown County Child Support Agency, the Wisconsin State Department of Children and Families Bureau of Child Support, and Van Pay have been garnishing the plaintiff's wages for a nonexistent child support order. Id. He alleges that the defendants' actions

4

constitute "deliberate indifference," and says he is suing for a violation of federal law "under 28 U.S.C. § 1331." Id. He asks for an order discharging him from any child support obligations and liens, as well as reimbursement for all the money he's paid and compensatory and punitive damages. Id. at 6.

B.     The Court's Analysis

The court must dismiss a number of the defendants the plaintiff has named. The court will not allow the plaintiff to proceed on a §1983 civil rights claim against the Wisconsin State Department of Children and Families Bureau of Child Support. Section 1983 allows a plaintiff to sue any "person" who violates his civil rights while acting under color of state law. The Department of Children and Families Bureau of Child Support is not a "person," and the Seventh Circuit has held that it cannot be sued under §1983. Bradley v. Wisconsin Dept. of Children and Families, 528 Fed.Appx. 680, 681 (7th Cir. 2013). Similarly, the court must dismiss any claims against the Brown County Child Support Agency. Fed. R. Civ. P. 17(b) says that state law governs whether an entity case be sued. An entity that is part of county government, and not a separate entity, cannot be sued. Abraham v. Piechowski, 13 F.Supp.2d 870, 879 (E.D. Wis. 1998) (sheriff's department part of county government and not a separate suable entity). See also, Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678-79 (district attorney's office not separate entity subject to suit). Here, the Brown County Child Support Agency is part of the government of Brown County, and the court finds that the plaintiff cannot sue it separately.

The court will also dismiss the John and Jane Doe defendants, whom the plaintiff has identified as supervisors at the Wisconsin State Department of Children and Families Bureau of Child Support and the Brown County Child Support Agency. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability or vicarious liability under 42 U.S.C. §1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). In other words, individuals are responsible only for their own actions; supervisors cannot be held liable for the actions of their subordinates.

The court will allow the plaintiff to proceed on a due process claim against Van Pay. The Due Process Clause of the Fourteenth Amendment "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." Germano v. Winnebago Cty., 403 F.3d 926, 928 (7th Cir. 2005) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)). When property is taken by government action, due process generally requires that the government provide an "opportunity to present reasons, either in person or in writing, why proposed action should not be taken . . . ." Id. (quoting Cleveland, 470 U.S. at 546).

It is not clear from the plaintiff's allegations whether Van Pay placed liens on his property and garnished his wages under a state court judgment or

6

order. If it turns out that Van Pay did what she did in compliance with a court order, the court will not be able to allow the plaintiff to proceed in his claim against her. In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), the United States Supreme Court held that federal district courts may not act as appellate courts over decisions issued by a state's highest court. The Seventh Circuit Court of Appeals has extended the Rooker-Feldman doctrine to decisions of lower state courts. See, *e.g.,* Ritter v. Ross, 992 F.2d 750, 755 (7th Cir.1993).

Under the Rooker-Feldman doctrine, a plaintiff may not obtain review of a state court judgment or order merely by recasting it as a civil rights action under §1983. Ritter, 992 F.2d at 754. Rooker-Feldman also bars a federal court from hearing claims, including constitutional claims, that are "inextricably intertwined" with the claims heard by the state court. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir.1992) (quoting Feldman, 460 U.S. at 486).

At this early stage, because the court does not know whether Van Pay was acting in accordance with a valid state-court order, the court will allow the plaintiff to proceed. The court merely cautions the plaintiff that if it turns out that Van Pay has been acting under a state court judgment or order, he will need to challenge that state court order in state court, not here in federal court.

### III. Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 12)

Finally, the plaintiff has filed a motion, asking the court to enjoin the defendants from continuing to collect the $10 a month. Dkt. No. 12. The court must deny this motion.

"[A] preliminary injunction is an extraordinary remedy which is not available unless plaintiffs carry their burden" of proving the factors the Seventh Circuit has laid out. Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 383 (7th Cir. 1984) (quoting Shaffer v. Globe Protection, Inc., 721 F.2d 1121, 1123 (7th Cir. 1983)). A plaintiff must show that "he has no adequate remedy at law or will suffer irreparable harm if the injunction is denied; that this harm will be greater than the harm the defendant will suffer if the injunction is granted; that the plaintiff has a reasonable likelihood of success on the merits; and that the injunction will not harm the public interest." Id. (citing various cases). The plaintiff must show both that the has no adequate remedy at law, and that he will suffer irreparable harm if the court does not grant the injunctive relief. Id. at 386. Both of these factors involve a determination by the court as to whether "the plaintiff will be made whole if he prevails on the merits and is awarded money damages." Id.

Here, the plaintiff has not made an adequate showing (or, in fact, *any* showing) on three of the factors he needs to prove to justify the extraordinary remedy of injunctive relief. First, he has not demonstrated that he has a reasonable likelihood of success on the merits. As the court has noted above, there is a big question hanging over his allegations against Van Pay—whether

she was acting under a valid court order. If she was, then the plaintiff has no claim against her.

Second, the plaintiff has not demonstrated that the usual remedy at law—money damages—is not available to him. In fact, money damages is just what he has asked for. He asks for reimbursement for all the money he's paid over the years since, he alleges, the child support arrearages were expunged. Finally, he cannot show that the harm of having to pay the $10 a month is "irreparable"—it can be "repaired" with money damages if he is successful.

For these reasons, the court will deny the plaintiff's motion for injunctive relief.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $342.48 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court **DISMISSES** the Wisconsin State Department of Children and Families Bureau of Child Support, the Brown County Child Support Agency and the John and Jane Does as defendants.

The court **DENIES** the plaintiff's motion for a temporary restraining order and preliminary injunction. Dkt. No. 12.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on defendant Lisa Van Pay under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court further **ORDERS** that defendant Van Pay shall file a response to the complaint.

The court will mail a copy of this order to the Warden at Oshkosh Correctional Institution.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, the court will require him to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court may dismiss the case for failure to prosecute.

The parties shall notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 18th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.