UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM T. ANTEPENKO, JR.,

          Plaintiff,

v.                                         Case No. 17-cv-1356-pp

LISA VAN PAY,

          Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 18) AND DISMISSING THE CASE**

---

On June 18, 2018, the court allowed the plaintiff, who is representing himself, to proceed on a claim that defendant Lisa Van Pay violated his right to due process. Dkt. No. 13, Dkt. No. 1. On August 27, 2018, the defendant filed a motion to dismiss, arguing that the plaintiff failed to state a claim because the defendant had acted in compliance with a valid state court order. Dkt. No. 18. The court will grant the motion to dismiss.

I.     **RELEVANT FACTS**

On November 21, 2005, Julie Gellin (also known as Julie Anne Schramm), the mother of the plaintiff's child, executed a document acknowledging that, as of that day, the plaintiff was current on his child support payments. Dkt. No. 20-2, Dkt. No. 22-1 at 13. She stated that "there are no arrears due me from William Thomas Antepenko II." Id. The plaintiff acknowledges that the defendant informed him at that time "that Ms. Gellin

1

could not sign off of the interest owed to the State of Wisconsin . . . ." Dkt. No. 1 at 4. The same day, the plaintiff signed a Stipulation and Order to Amend the Judgment for Support/ Maintenance/ Custody/ Placement; he agreed to pay $10.00 per month until the arrears owed to the State were paid in full. Dkt. No. 20-1. The order stated, "All provisions of the previous judgment not amended by this order remain in full effect." Id. at 3. The Brown County court commissioner signed the order the same day; the file stamp from the Clerk of Courts for the Brown County Circuit Court is dated November 28, 2005. Id.

In his complaint, the plaintiff stated that he later began to receive "letters and notices from the Child Support Agency stating he owed Child Support, Arrears and Interest and R&D [receipt and disbursement] Fees." Dkt. No. 1 at 4. The plaintiff eventually contacted Gellin, who agreed to terminate the Child Support Order and expunge all arrears and interest owed to her. Id. at 5.

On September 12, 2017, the plaintiff, Gellin and a representative from the Brown County Support Agency signed a stipulation and order amending the judgment/order for child support. Dkt. No. 20-6 at 2, Dkt. No. 22-1 at 3. The stipulation stated, "Julie is expunging all child support arrears and interest owed to her from William." Id. The state court entered the order on September 15, 2017. Id. The order stated, "All provisions of the previous judgment/order not amended by this order remain in full effect." Id. at 2.

On November 7, 2017, the defendant responded to a letter the plaintiff sent her on October 29, 2017. Dkt. No. 22-1 at 7. The letter explained that,

2

"Per an order dated September 15, 2017, all arrears and interest owed to Julie were expunged. However, you do still owe the State of Wisconsin $639.01 for R&D fees, and per policy we are able to leave the garnishment of $10.00 per month running until those fees are paid in full." Id.

II. **DISCUSSION**

   A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which the court can grant relief. When ruling on a Rule 12(b)(6) motion, a court generally may consider only the allegations in the plaintiff's complaint. Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002). Under Fed. R. Civ. P. 10(c), however, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). That means the court may consider any documents attached to the complaint, as well as the allegations in the complaint.

The Court of Appeals for the Seventh Circuit has clarified that this rule extends to documents that the plaintiff refers to in his complaint *and* that are central to the plaintiff's claim. Wright v. Assoc. Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir. 1994.) That means that in considering a motion to dismiss, it is proper for a district court to review documents a defendant attaches to its motion to dismiss if, in his complaint, the plaintiff refers to the documents and if the documents are central to the plaintiff's claim. Id. This narrow exception is

"aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir.1998).

B. The Court's Analysis

The court allowed the plaintiff to proceed on a claim that the defendant violated his due process rights when she continued to garnish his wages and place liens on his property despite his allegation that the circuit court had terminated the order the defendant claimed authorized her to garnish the wages and place liens on the property. Although the plaintiff referred to the amended court order and his correspondence with the defendant in his complaint, he did not attach those documents to the complaint. In its screening order, the court informed the plaintiff, "If it turns out that [the defendant] did what she did in compliance with a court order, the court will not be able to allow the plaintiff to proceed in his claim against her." Dkt. No. 13 at 7.

The defendant attached the Brown County circuit court orders to her motion; the plaintiff attached the defendant's correspondence with him to his response to her motion. As explained above, because the plaintiff referenced those documents in his complaint and because those documents are central to his claim, the court may consider them when deciding the defendant's motion.

The circuit court orders establish, contrary to the allegations in the plaintiff's complaint, that the circuit court did not *terminate* the child support order. Rather, in 2005 and again in 2017, the circuit court *amended* the child support order to acknowledge Gellin's agreement to expunge all arrears the plaintiff owed *to her as of the date she signed the stipulations*. That is all that the orders did. The circuit court orders expressly state, "All provisions of the previous judgment not amended by this order remain in full effect." Dkt. No. 20-1 at 3, Dkt. No. 22-1 at 3. Thus, the amended orders did *not* expunge the arrears the plaintiff owed to the State, and they did *not* change the plaintiff's obligation to pay child support payments in the future. As the defendant explained to the plaintiff, "[the Brown County Child Support Agency] is able to leave the garnishment of $10.00 per month running until those fees are paid in full." Dkt. No. 22-1 at 7.

The court informed the plaintiff in its screening order that if it turned out the defendant was acting in compliance with a valid circuit court order, the court would not allow him to proceed with his claim. That is exactly how it has turned out, so the court will grant the defendant's motion and dismiss the plaintiff's complaint on the basis that it fails to state a claim.

To the extent that the plaintiff wants the circuit court to amend its order to expunge the arrears owed to the State or to terminate his obligation to pay child support to Gellin going forward, he must raise those issues in the Brown County circuit court. This court has no authority to review state court

5

decisions. See Dkt. No. 13 at 7 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), Ritter v. Ross, 992 F.2d 750, 755 (7th Cir. 1993)).

## III. CONCLUSION

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 18.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**